IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00304-KDB-DSC

MINNA-MARIE BRANDT,

Petitioner,

v.

DAMIAN CARACCIOLO,

Respondent.

**ORDER**

**THIS MATTER** is before the Court on Petitioner's Motion for Temporary Restraining Order (Doc. No. 2). In that motion, Petitioner Minna-Marie Brandt ("Petitioner") moves the Court for an *ex parte* order temporarily restraining and prohibiting Respondent Damian Caracciolo ("Respondent") from violating the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980, and the International Child Abduction Remedies Act ("ICARA"). For the reasons set forth below, the Court denies the motion, without prejudice to Petitioner's right to file a motion for a preliminary injunction, which will be promptly heard by the Court after notice to Respondent and a (reasonably short) opportunity to respond.

Briefly stated, the relevant factual allegations reflect that Petitioner and Respondent are the biological unmarried parents of two minor children, S.C. (born October 2016) and J.C. (born September 2019) (the "Children"). The Children were born and raised in Sweden. On or about April 7, 2021, Respondent took the Children for a three-month vacation to the United States to visit their grandparents in Gaston County, North Carolina. Petitioner expected that Respondent would bring the Children back to Sweden on or before July 7, 2021, but he failed to do so. Since July 2021,

1

Respondent has remained in the United States (presumably in Gaston County), despite Petitioner's efforts to convince him to return to Sweden with the Children.

In or around July of 2021, Petitioner commenced custody proceedings in a Swedish court to determine custody of S.C. and J.C. In March of 2022, the Swedish courts awarded custody to Respondent. *See* Doc. 1 at 32. In this action, Petitioner alleges that a temporary restraining order is necessary to keep Respondent from "wrongfully" retaining the Children in the United States and alleges that there is a risk that if served with notice of this action that he will "abscond" with the Children. However, Petitioner does not allege any specific facts supporting that allegation.

A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22, 24, 32 (2008) (noting that even issuance of a permanent injunction after trial "is a matter of equitable discretion; it does not follow from success on the merits as a matter of right."). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty*., 722 F.3d 184, 188 (4th Cir.2013) (en banc).

In order to receive an injunction prior to a final decision on the merits, a plaintiff must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in her favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline, LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353 (4th Cir. 2019); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Each of these four

requirements must be satisfied. *Id*. However, movants "need not show a certainty of success." *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir.2013).

Even accepting that Petitioner is "likely" to succeed on the merits (which is, at a minimum, called into question by the Swedish court's awarding custody of the Children to the Respondent), Petitioner has failed to establish "specific facts" which show that "immediate and irreparable injury … will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. Proc. 65(b)(1)(A). The alleged unlawful removal of the Children from Sweden happened over a year ago, and Petitioner has offered no specific facts on which the Court could conclude that the Respondent is likely to act wrongfully if he is served with notice of this action and given an opportunity to appear and respond to Petitioner's requests for relief.

Accordingly, Petitioner's motion will be denied. However, the Court is sensitive to the need to address the issues raised by the Petitioner promptly given the young age of the Children and the importance of their custodial status. Therefore, if Petitioner files a motion for a preliminary injunction it will be heard promptly after Respondent has been served and given an opportunity to respond.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

Petitioner's Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED** without prejudice to Petitioner's right to file a motion for a preliminary injunction, which will be promptly heard by the Court after the Respondent is served and he is given a fair (but reasonably short) opportunity to respond.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 7, 2022

*[signature]*

Kenneth D. Bell
United States District Judge